UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Criminal No. 4:24-cr-150-01 |
| v. | § | |
| | § | **<u>Filed Under Seal</u>** |
| | § | |
| JOSHUA STEBELTON | § | |

**<u>GOVERNMENT'S RESPONSE TO THE DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REVOKE DETENTION ORDER</u>**

The United States of America ("Government") files this reply to Joshua Ray Stebelton's ("Defendant") reply to the Government's response in opposition to the Defendant's motion to revoke detention order:

## I.    DEFENDANT'S REPLY

On May 28, 2024, the Defendant filed a reply to the Government's response in opposition to Defendant's motion to revoke detention order. (D.E. 55.) The Defendant contends that the Court may not consider new evidence in conducting its *de novo* review of U.S. Magistrate Judge Peter Bray's detention order ("Judge Bray's order"). The Defendant also contends that the Government is required to move to re-open the detention hearing in order to supplement the record with new evidence pursuant to Title 18 U.S.C. § 3142(f). Lastly, the Defendant contends that the Court's

1

consideration of new evidence submitted by the Government (Exhibits submitted in connection with its Response in Opposition to Defendant's Motion to Revoke Detention Order, D.E. 54) violates his right to confront witnesses and due process.

## II.      Title 18 U.S.C. § 3142(f) does not apply

Title 18 U.S.C. § 3142(f)(2) provides:

**(2)**      upon motion of the attorney for the Government or upon the <u>judicial officer</u>'s own motion in a case, that involves—

**(A)**      a serious risk that such person will flee; or

**(B)**      a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). During a continuance, such person shall be detained, and the judicial officer, on motion of the attorney for the Government or sua sponte, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether such person is an addict. At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and

consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. **The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.** (*emphasis added*).

The Defendant has not moved to reopen the detention hearing but has moved to revoke the detention order pursuant to Title 18 U.S.C. § 3142(c). The Government has not moved to reopen the detention hearing. Because neither the Government nor the Defendant are moving to reopen the detention hearing, Title 18 U.S.C. § 3142(f)(2) does not apply.

## II.   *De novo* review permits consideration of new evidence

The district court reviews a release order *de novo. See, United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) ("[T]he district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release."); *United States v. Delker*, 757 F.2d 1390, 1394-95 (5th Cir. 1985).

The district court has discretion in determining whether to conduct a

supplementary evidentiary hearing as part of its de novo review" and "the discretion to conduct its *de novo* review by examining the pleadings and the evidence which was developed before the magistrate judge and then adopting the magistrate judge's pretrial detention order." *United States v. Hensler*, *unpublished*, 18 F.3d 936, 1994 WL 83436, at *2 (5th Cir. 1994).

The Court is permitted to consider additional evidence adduced before it in connection with its *de novo* review. *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (holding that the Court has discretion to "support what the magistrate has actually ordered with additional findings based on its independent consideration of the record before the magistrate and the additional evidence adduced before it").

### III.   The Confrontation Clause does not apply to detention hearings

The Confrontation Clause does not apply to detention hearings. *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) (at detention hearing, "accused has no right to cross-examine adverse witnesses who have not been called to testify"). "A pretrial detention hearing . . . is neither a discovery device for the defense nor a trial on the merits." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). The purpose of a detention hearing "includes neither a reprise of all the evidence presented before the grand jury nor the right to confront non-testifying government witnesses." *Id. See also United States v. Delker*, 757 F.2d 1390, 1397-

4

98 (3d Cir. 1985); *United States v. Hernandez*, 778 F. Supp. 2d 1211, 1222-27 (D.N.M. 2011). "Nothing in Crawford requires or even suggests that it be applied to a detention hearing under the Bail Reform Act, which has never been considered to be part of the trial." *United States v. Bibbs*, 488 F. Supp. 2d 925, 926 (N.D. Cal. 2007). (Like the Confrontation Clause, the Federal Rules of Evidence and its general proscription against hearsay do not apply to detention hearings. FED. R. EVID. 1101(d)(3) (FRE inapplicable to "miscellaneous proceedings such as . . . considering whether to release on bail or otherwise"); see also 18 U.S.C. § 3142(f)(2) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

## VI.   The Crime Victim's Rights Act mandates that the victims be heard should the Court conduct a hearing in connection with its *de novo* review

The families of the victims in this case have a right to be heard should the Court conduct a hearing in connection with its *de novo* review of Judge Bray's detention order. The Crime Victim Right's Act, Title 18, U.S.C. § 3771(a)(4), provides: "A crime victim has the right to be reasonably heard at any public proceeding in the district court involving the release, plea, sentence, or any parole proceeding."

## **CONCLUSION**

The Court is required to conduct a *de novo* review of Judge Bray's detention order. In connection with its *de novo* review, the Court may consider evidence that was not presented to Judge Bray. Because hearsay is allowed at detention hearings and the Confrontation Clause does not apply at detention hearings, the Court can consider the Government's Exhibits attached to its Response in Opposition to the Defendant's Motion to Revoke Detention Order (D.E. 54) and decide the Defendant's motion without a hearing. Alternatively, the Court can conduct a *de novo* hearing at which time the Government will present the additional evidence through the testimony of its case agent. If the Court sets a hearing, the families of the victims request permission to address the Court under the Crime Victim's Rights Act.

Respectfully submitted,

ALMANDAR S. HAMDANI
United States Attorney

BY: ***/s Anibal J. Alaniz***
Anibal J. Alaniz
Assistant United States Attorney
Texas Bar No. 00966600
Federal I.D. No. 12590
1000 Louisiana
Suite 2300
Houston, Texas 77002

(713) 567-9000 (office)
(713) 567-9487 (direct)

*/s Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney
New Jersey Bar No.043362000
Federal Bar No. 915752
1000 Louisiana
Suite 2300
Houston, Texas 77002
(713) 567-9000 (office)
(713 567-9798 (direct)

## CERTIFICATE OF SERVICE

On May 30, 2024, the Government filed its Response in Opposition to Defendant's Motion for Release under seal and served counsel of record via email.

*s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*/s Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney